**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BRAD L. HARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 07-CV-3742 |
| | ) | |
| FRANK J. CUSTABLE, JR., SARA WETZEL, | ) | |
| and FRANCIS SCOTT WIDEN, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

On June 22, 2007, this case was pending in the Circuit Court for the 18th Judicial Circuit of Illinois when Plaintiff Brad Hare sought leave and was given permission to amend his complaint (for the eighth time) to seek relief pursuant to the federal Racketeering and Criminal Organizations Act, 28 U.S.C. § 1983 (commonly referred to as RICO). At the time that the eighth amended complaint was filed, this matter had been pending in state court for approximately five years. Shortly after the RICO claim was added, on July 3, 2007, Defendants Frank J. Custable, Jr., Francis Scott Widen, and Sara Wetzel removed this case to federal court. On July 24, 2007, Plaintiff filed a motion to remand (DE 12), which Plaintiff subsequently withdrew (see DE 36). On February 6, 2008, Defendants filed a motion to stay (DE 32), which is now fully briefed. Having considered the parties' positions and the relevant case law, the Court grants a limited stay of the proceedings in this case.[1]

---

[1] Defendants also have filed a motion for extension of time with regard to Plaintiff's requests to admit (DE 46) and Defendants' counsel has filed a motion to withdraw from this case

**I.     Background**

Plaintiff's RICO count against Frank Custable and Scott Widen alleges that:

> Plaintiffs * * * upon information and belief state that the defendants' wrongful acts which damaged the plaintiffs herein are a part of an ongoing conspiracy and pattern of racketeering activity engaged in by the defendants as more fully set forth in the allegations of the complaint in civil action brought by the United States Securities and Exchange Commission in case No. 03 C 2182 which is pending in the United States District Court for the Northern District of Illinois and the allegations of the complaint in the criminal action brought by the United States of America in case No. 05 CR 0340 which is pending in the United States District Court of the Northern District of Illinois.  Copies of both complaints are attached hereto * * * *

Pls. Compl. at ¶ 14.  According to the RICO amendment to Plaintiff's complaint, Plaintiff intends to prove a conspiracy and pattern of racketeering activity on the part of Custable, Widen, and Wetzel, relying, in part, on the allegations contained in the criminal RICO action pending against Custable and Wetzel.  Defendants contend that it would be fundamentally unfair to allow Plaintiff to proceed with this civil case when the testimony of Custable, Wetzel, and Widen may be unavailable as a result of their choice to assert their Fifth Amendment privileges in the criminal action.

**II.    Discussion**

Absent a stay of proceedings in this case, Custable and Wetzel will have to decide whether to claim the privilege against self-incrimination or to respond to additional written discovery requests and questioning at a deposition.  Any defendant who chooses to invoke the

---

(DE 27), which has been entered and continued for the past four months.  In light of the disposition of the motion to stay, the motion for extension of time with regard to Plaintiff's requests to admit (DE 46) will be granted in a separate order entered today.  Further discovery in this case will be taken up when the Court considers whether to extend, lift, or modify the temporary stay granted in this order.  The motion by counsel for Defendants to withdraw from the case (DE 27) also will be granted in that separate order.

privilege runs the risk that his or her decision will be used as the basis for an adverse inference in a civil case, see, *e.g., Harris v. City of Chicago,* 266 F.3d 750, 753 (7th Cir. 2001), a practice the Fifth Amendment does not prohibit, see *Baxter v. Palmigiano,* 425 U.S. 308 (1976). Conversely, a defendant who chooses to testify or otherwise respond to discovery in a civil case runs the risk that his or her responses will be used by prosecuting authorities to pursue the current criminal charges or other potential charges not yet filed. As Judge Kennelly recently wrote, "[g]iven [this] state of affairs, it is highly unlikely that any criminal defense attorney worthy of that title would allow any of the individual defendants to testify or answer discovery." *Chagolla v. City of Chicago*, 529 F. Supp. 2d 941, 945 (N.D. Ill. 2008). If forced to choose between claiming the privilege and answering discovery, each of the individual defendants likely will elect to claim the privilege, thereby creating the risk that the claim could be used to help prove Plaintiff's allegations against them.

The fact that a party to civil litigation is faced with this sort of dilemma does not automatically entitle that party to a stay of the civil case. See *United States v. Certain Real Property, Commonly known as 6250 Ledge Road, Egg Harbor, Wis.,* 943 F.2d 721, 729 (7th Cir. 1991). As the parties here agree, a court has discretion to stay parallel civil litigation in these circumstances if the interests of justice require it. See *United States v. Kordel,* 397 U.S. 1, 12 n. 27 (1970). In determining whether to grant a stay in light of parallel criminal litigation, the Court must balance the interests of the plaintiff, the defendants, and the public. The specific, non-exclusive factors to be considered include: (1) whether the civil and criminal matters involve the same subject; (2) whether the governmental entity that has initiated the criminal case or investigation is also a party in the civil case; (3) the posture of the criminal proceeding; (4) the

3

effect on the public interest of granting or denying a stay; (5) the interest of the civil plaintiff in proceeding expeditiously, and the potential prejudice the plaintiff may suffer from a delay; and (6) the burden that any particular aspect of the civil case may impose on defendants if a stay is denied. See, *e.g. Cruz v. County of DuPage*, 1997 WL 370194, at *2 (N.D. Ill. June 27, 1997) (citing cases). The Court examines each factor in turn.

*1. Relationship between civil and criminal matters.* The present case and the pending federal criminal prosecution both involve RICO claims, and Plaintiff's eighth amendment to his complaint alleges that he intends to prove a conspiracy and pattern of racketeering activity on the part of Custable, Widen, and Wetzel, expressly relying, in part, on the allegations contained in the criminal RICO action pending against Custable and Wetzel. The close relationship between the civil and criminal matters weighs in favor of a stay. See, *e.g., Doe v. City of Chicago,* 360 F. Supp. 2d 880, 881 (N.D. Ill. 2005); *United States v. All Meat and Poultry Prods. Stored at LaGrou Cold Storage*, 2003 WL 22284318, at *4 (N.D. Ill. Oct. 3, 2003).

*2. Whether the government is a party in both cases.* If the governmental entity that initiated the parallel criminal prosecution is a party in the civil case, there is a concern that it may use the civil discovery process to circumvent limitations on discovery in criminal proceedings. See *Cruz,* 1997 WL 370194, at *3. That is not an issue in this case, as the federal government is not a party to the civil litigation. This fact weighs against a stay.

*3. Posture of the criminal proceedings.* The pending federal criminal case is set for trial on July 14, 2008. The rapidly approaching criminal trial weighs in favor of a stay. See *Cruz,* 1997 WL 370194, at *3.

*4. Effect of a stay on the public interest.* The public has an interest in the prompt disposition of civil litigation, an interest that has been enacted into positive law through the Civil Justice Reform Act of 1990. See 28 U.S.C. §§ 471-82. A stay would impair that interest. On the other hand, the public has an interest in ensuring that the criminal process can proceed untainted by civil litigation. See, *e.g., Jones v. City of Indianapolis,* 216 F.R.D. 440, 452 (S.D. Ind. 2003). The possibility that the orderly progress of the criminal case will be hindered by issues that could arise from ongoing civil discovery is sufficiently significant to be worthy of consideration.

*5. Plaintiff's interest in proceeding expeditiously.* The entry of a stay obviously will impose a delay on Plaintiff, who has a significant interest in obtaining resolution of his claims and compensation if he proves he is entitled to it. This is an important consideration weighing against a stay. However, as master of his complaint, Plaintiff has chosen to add – after several years of litigation – a RICO claim that mirrors the criminal allegations. Without the civil RICO claim, Defendants' strongest argument in favor of a stay would be far less persuasive. Furthermore, because the criminal trial is set to begin in approximately two months, the additional delay would be modest.

*6. The burden imposed on Defendants regarding any particular aspect of the civil litigation.* An individual defendant who is forced to respond to discovery or dispositive motions will be faced with the choice of whether to claim or waive the privilege against self-incrimination. As noted above, it is highly likely that a defendant faced with that choice will claim the privilege and thereby face the risk that the plaintiff will use the privilege invocation to help prove the defendant's liability. In fact, this has already happened with Defendant Wetzel,

5

who claimed the privilege and was unable to present evidence to defend the summary judgment entered against her in June of 2005. Although the law does not forbid such a result, the question of whether that result is fair does not yield the same answer in every case:

> Though a person who claims the privilege in such circumstances and then has it used against him in a parallel civil case ordinarily is given the chance to explain his invocation of the privilege, the finer points of risk-aversion as it relates to criminal defense practice easily can be lost on lay jurors. A civil defendant in this situation who is effectively backed into a corner in which he has no viable choice but to claim the privilege is forced to face a significant risk of unfair prejudice that may be virtually impossible to remedy.

*Chagolla*, 529 F. Supp. 2d. at 947. In the Court's view, this factor weighs in favor of a stay.

Having considered the parties' arguments in light of the applicable law, the Court exercises its discretion to stay further proceedings in the case as to the individual defendants. But because the factors militating in favor of a stay are by no means overwhelming and the timing of the criminal trial may not be set in stone, the Court will not enter an indefinite stay of proceedings. Instead, the stay will last, initially, for a period of four months. See *Chagolla*, 529 F. Supp. 2d at 948. At that time, the Court will reevaluate the matter based on the submissions of the parties regarding any further developments that may warrant terminating the stay or modifying it to permit the case to proceed (in its entirely or otherwise) as to some or all of the individual defendants. See *id*.

### III. Conclusion

For the reasons stated above, the Court grants Defendants' motion to stay (DE 32) for an initial period of four months. This case is set for status on September 4, 2008, at 9:30 am. The parties are requested to file short memoranda setting forth their views as to whether the stay should be extended, modified, or lifted on or before August 28, 2008.

Dated: May 6, 2008              _____
                                Robert M. Dow, Jr.
                                United States District Judge