IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BRAD L. HARE, )
)
    Plaintiff, )
)
v. ) CASE NO.: 07-CV-3742
)
FRANK J. CUSTABLE, JR., SARA WETZEL, )
and FRANCIS SCOTT WIDEN, )
)
    Defendants. )

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Sara Wetzel's motion to reconsider and vacate an order entered by the Circuit Court of DuPage County on May 14, 2007, prior to the removal of this case to federal court. Pursuant to various orders and filings in this case [36, 38, 40], the parties tendered to the Court an agreed compilation of the documents [41] that they believe bear on the motion. The Court has now reviewed those documents and denies the motion to reconsider and vacate.

**I.    Background**

This case, which was removed to federal court in July 2007, had a long prior history in state court. More than three years ago, while the case still was pending in the Circuit Court of DuPage County, Plaintiff Brad Hare filed a motion for partial summary judgment against Defendant Sara Wetzel [41-1], requesting the entry of judgment in the amount of $180,400.00 that, according to Plaintiff, Wetzel unlawfully converted. Along with her memorandum in opposition to Plaintiff's motion [41-3], Wetzel attached an affidavit offering her version of certain events at issue. Because Wetzel previously had refused to answer certain questions at her

deposition, asserting her Fifth Amendment privilege against self-incrimination, Plaintiff moved to strike the affidavit submitted in opposition to the motion for partial summary judgment [41-5]. On March 17, 2005, the Circuit Court granted the motion to strike [41-6]. After striking Wetzel's affidavit, the Court allowed Wetzel additional time in which to submit supplementary materials or a memorandum in opposition to the motion for summary judgment, but the record before this Court provided by agreement of the parties contains no such materials or memorandum. On June 24, 2005, the Circuit Court entered partial summary judgment in favor of Plaintiff and against Wetzel in the amount requested by Plaintiff [41-7].

Following the entry of partial summary judgment, Plaintiff sought clarification that the June 2005 order "was a complete resolution of all matters pending between the plaintiff and Sara Wetzel or in the alternative entering an order nunc pro tunc as of June 24, 2005 finding that there was no just reason to delay the enforcement of or appeal from that order." [41-9, at 5.] Wetzel opposed the motion to clarify [41-10] and filed her own motion to vacate [41-11], contending among other things that the June 2005 order essentially was an interlocutory procedural default that the Court, in its discretion, could vacate. Wetzel further argued that the Court should exercise that discretion, because Wetzel had changed her mind and was willing to withdraw her assertion of the Fifth Amendment privilege and defend the lawsuit on the merits. On May 14, 2007, the Circuit Court denied Plaintiff's request for a nunc pro tunc order, but granted the request to "make the judgment final." [41-14.] In the same order, the Circuit Court denied Wetzel's motion to vacate. *Id*.

On June 12, 2007, Wetzel filed a motion for reconsideration of the Circuit Court's May 14, 2007 order [41-15]. On June 22, 2007, Plaintiff filed a response to the motion for reconsideration [41-16]. On the same day, Plaintiff Brad Hare was given permission to amend

2

his complaint (for the eighth time) to seek relief pursuant to the Racketeering and Criminal Organizations Act, 28 U.S.C. § 1983 (commonly referred to as RICO). Shortly after the RICO claim was added, and before the Circuit Court ruled on the motion for reconsideration, Defendants removed this case to federal court [1]. On July 24, 2007, Plaintiff filed a motion to remand [12], which he subsequently withdrew [36]. On February 6, 2008, Defendants Custable, Widen, and Wetzel filed a motion to stay [32]. On May 6, 2008, the Court entered a temporary stay as to those three defendants [51] in view of the parallel criminal litigation in which they are involved that is scheduled to go to trial in July 2008. However, as the Court explained in its May 21, 2008 order [61], the entry of the temporary stay does not prevent the Court from ruling on the motion to reconsider and vacate that was fully briefed in state court prior to the removal of this case to federal court.

## II.     Discussion

In the motion now before the Court, Wetzel seeks reconsideration of (i) the Circuit Court's order granting summary judgment against Wetzel on June 24, 2005; (ii) the Circuit Court's May 2007 order denying Wetzel's motion to vacate that June 2005 summary judgment order; and (iii) the Circuit Court's May 2007 order granting Plaintiff's request for a finding that there is no just reason to delay enforcement or appeal of the June 2005 summary judgment order (see Ill. Sup. Ct. R. 304(a); cf. Fed. R. Civ. P. 54(b)). As Wetzel acknowledges, the decision to grant any of the relief that she has requested lies within the Court's discretion. See Wetzel's Motion to Reconsider and Vacate the Order of May 14, 2007 [41-15, at 3] (requesting that the Court "use its discretion" to reconsider its decision of June 24, 2005); Wetzel's Reply in Support of Motion to Vacate Order of June 24, 2005 [41-13, at 1] (acknowledging that whether to vacate a motion for summary judgment "lies in the discretion of the court"); Wetzel's Response to

3

Plaintiff's Motion to Clarify Judgment [41-10, at 2] (noting that "whether to grant plaintiff's motion [for a Rule 304(a) finding] is a matter within the discretion of the Court").

Wetzel's principal argument appears to be that the Court erred in granting – and subsequently refusing to vacate – what she describes as a "procedural default as a result of her choosing to assert her Fifth Amendment privilege earlier." [41-15, at 3.] But, as this Court noted in its recent stay order, "[a]ny defendant who chooses to invoke the privilege [against self-incrimination] runs the risk that his or her decision will be used as the basis for an adverse inference in a civil case * * * a practice the Fifth Amendment does not prohibit." [51, at 2-3] (citing *Harris v. City of Chicago*, 266 F.3d 750, 753 (7th Cir. 2001) and *Baxter v. Palmigiano*, 425 U.S. 308 (1976)); see also *People v. $1,124,905 U.S. Currency and One 1988 Chevrolet Astro Van*, 685 N.E.2d 1370, 1379 (Ill. 1997) ("It is 'the prevailing rule that the Fifth Amendment does not forbid adverse inferences against parties in civil actions when they refuse to testify in response to probative evidence offered against them'"). In the exercise of its discretion, this Court recently ruled that, in the circumstances now present,[1] Defendants Custable, Widen, and Wetzel are entitled to a temporary stay to permit their testimony to be given in the criminal proceeding without risking their position in this civil litigation. Nevertheless, the Court cannot conclude that the Circuit Court abused its discretion in refusing to excuse Wetzel from the consequences of her decision to invoke her privilege against self-incrimination in the circumstances before the Circuit Court at the time that it ruled. The Circuit Court acted well within its authority in striking Wetzel's affidavit in light of her refusal to give

---

[1] As the Court noted in its opinion granting the temporary stay [51], both the civil case and the pending federal criminal prosecution involve RICO claims, and Plaintiff's eighth amended complaint alleges that he intends to prove a conspiracy and pattern of racketeering activity on the part of Custable, Widen, and Wetzel, expressly relying, in part, on the allegations contained in the criminal RICO action pending against Custable and Wetzel. Moreover, the criminal trial is scheduled to commence in July 2008, and thus the stay is likely to be of limited duration.

4

testimony at her deposition, and the Circuit Court was perfectly free to then decide the summary judgment motion on the state of the record at the time the motion was briefed. It also is worth noting that, after striking the affidavit, the Circuit Court extended the time for Wetzel to submit additional argument or materials in opposition to the motion, which she declined.

This Court further notes that, because Wetzel opposed Plaintiff's request for the Rule 304(a) finding and filed her own motion to vacate the June 24, 2005 order, the Circuit Court had an opportunity to consider and reject, prior to the removal of the case, the principal arguments advanced in Wetzel's motion to reconsider or vacate. As noted above, against the summary judgment order, Wetzel raised the argument that her prior assertion of a Fifth Amendment privilege had been improvident and that she would like to submit to a deposition and defend on the merits. Against the Rule 304(a) motion, Wetzel contended that the summary judgment order did not resolve all claims in the litigation and would lead to piecemeal appeals. As Wetzel acknowledged in her motion to reconsider and vacate, "the Court found against Wetzel in both respects in that it denied Wetzel's motion to vacate and finalized the judgment of June 24, 2005 pursuant to plaintiff's motion to clarify." [41-15, at 3.] For the reasons stated above, the Circuit Court's refusal to vacate its summary judgment order was not an abuse of discretion. Nor did the Circuit Court abuse its discretion in ruling that its order was final as to Wetzel and therefore could be immediately enforced and/or appealed. The issue was fully briefed, and while the arguments concerning the purported release and the possibility of inconsistent judgments vis-à-vis Defendant Custable raised debatable propositions, the Circuit Court's resolution of those propositions in favor of Plaintiff and against Wetzel was well within the Court's discretion.

As Plaintiff points out, the only new argument raised in Wetzel's motion to reconsider or vacate concerns the effect that an enforceable judgment may have on Wetzel's personal finances.

That argument, however, was raised in a single paragraph, without any supporting documentation, and the Court is persuaded that the limits on the actions that a judgment creditor may take to enforce and collect on a judgment under state and federal law would prevent Wetzel from suffering any undue hardship in any event.

**III.    Conclusion**

In sum, while it would not be much of a stretch to conclude that, by filing a motion to vacate the summary judgment order entered in June 2005, Wetzel already has had one full bite at the reconsideration apple, the Court nevertheless has fully considered the arguments raised in Wetzel's motion to reconsider and vacate the Circuit Court's May 14, 2007 order.  In view of the procedural history of this case and the deferential standard applied on motions to reconsider or vacate, the Court denies Wetzel's motion.

Dated:  May 27, 2008                               _____
                                                        Robert M. Dow, Jr.
                                                        United States District Judge