# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| BRAD L. HARE | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CASE NO. 07-CV-3742 |
| FRANK J. CUSTABLE, JR., SARA WETZEL, FRANCIS SCOTT WIDEN, and LISA ZABORSKI, | ) ) ) ) ) | Judge Robert M. Dow, Jr. |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Currently pending before the Court is Plaintiff Brad L. Hare's ("Hare") motion for partial summary judgment against Defendant Frank J. Custable ("Custable") [105], which was originally filed and fully briefed by the parties in state court.[1] For the reasons set forth below, Plaintiff's motion [105] is respectfully denied.

**I.    Procedural Background**

This case arises out of a number of business ventures between Plaintiff Hare and Defendant Custable. On March 15, 2002, Hare filed his initial three count complaint in Illinois state court. Hare has since amended his complaint, which now contains more than thirty counts,

---

[1] The Court notes at the outset that its consideration of this motion has been complicated significantly by the absence from the state court record of certain materials referenced in the briefs. Following its initial review of the summary judgment materials, the Court pointed out the omissions of which it was aware in its April 21, 2009 minute order [120]. Counsel for Plaintiff has made efforts to address some of the omissions by electronically filing some of the pertinent documents [see 105-110] and filing a status report [see 122]. As noted below, the record still is incomplete in some respects. Defendant Zaborski has referenced the state of the record in her motion to strike Plaintiff's motion for summary judgment [134]. However, because none of the missing documents prevents the Court from resolving the summary judgment motion on the merits, the motion to strike [134] is denied.

eight times.[2] Most recently, on June 22, 2007, Hare sought and was granted leave to amend his complaint to seek relief pursuant to the federal Racketeering and Criminal Organizations Act, 28 U.S.C. § 1983 (commonly referred to as RICO). At the time that the eighth amended complaint was filed, this matter had been pending in state court for more than five years. Shortly after the RICO claim was added, on July 3, 2007, Custable and other individual defendants removed this case to federal court.

Hare filed the motion for partial summary judgment [105] that is currently before the Court while the case still was pending in the Circuit Court of DuPage County. Shortly thereafter, Hare filed an affidavit [106] and a memorandum [107] in support of the motion for partial summary judgment. Custable filed a response [109] and supporting affidavit [110], and Hare filed a reply brief [108]. Because the motion at issue was fully briefed in the state court pursuant to the Illinois rules, the parties have not filed statements of material facts pursuant to Local Rule ("L.R.") 56.1.

The Court has substantial discretion in the enforcement of L.R. 56.1. See *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995) ("whether to apply [L.R. 56.1] strictly or to overlook any transgression is one left to the district court's discretion"); *Weyneth v. Micromatic Spring & Stamping, Inc*., 2004 WL 1093483, at *1 n.1 (N.D. Ill. May 17, 2004) (exercising discretion to overlook parties' violations of L.R. 56.1). The Court may exercise that discretion to waive the requirement that the parties file L.R. 56.1 statements. See *Riemma v. Bekins Van Lines Co*., 1996 WL 99899, at *1 n.2 (N.D. Ill. Feb. 29, 1996) (converting defendant's motion to dismiss into a motion for summary judgment, waiving local rule requiring the filing of

---

[2] As noted in the briefing on Defendant Zaborski's motion to strike, counsel for Plaintiff has acknowledged the possibility that a further amendment to the complaint may be useful to clarify the matters that remain at issue in the case and streamline the discovery that has yet to be taken. [See 134, at 2-3; 137, at 2]. However, counsel made clear his client's preference to obtain a ruling on the motion for partial summary judgment prior to seeking leave to further amend the complaint. [See 137, at 2].

statements of undisputed material facts and drawing facts from allegations of amended complaint); *Banos v. City of Chicago*, 2004 WL 626154 (N.D. Ill. Mar. 25, 2004) (granting plaintiffs' Motion to Waive L.R. 56.1(b)(3)). Here, in light of the fact that this case was initiated approximately seven years ago, and the instant motion for partial summary judgment was fully briefed in state court, the Court will exercise its discretion to excuse the parties from their obligation to file L.R. 56.1 statements.

The waiver of L.R. 56.1 statements will not prejudice the parties. Under Illinois law, "[a]ny time after the opposite party has appeared or after the time within which he or she is required to appear has expired, a plaintiff may move with or without supporting affidavits for a summary judgment in his or her favor for all or any part of the relief sought." 735 ILCS 5/2-1005(a). The movant "bears the initial burden of introducing competent evidence that, if uncontradicted, entitles him or her to judgment as a matter of law." *Willett v. Cessna Aircraft Co.*, 851 N.E.2d 626, 634 (Ill. App. Ct. 2006). If the moving party satisfies this initial burden of production, the burden shifts to the nonmoving party. *Id.* "In order to withstand a motion for summary judgment, the nonmoving party must come forward with evidentiary material that establishes a genuine issue of fact." *Salinas v. Chicago Park Dist.*, 545 N.E.2d 184, 186 (Ill. App. Ct. 1989).

Similarly, under the Federal Rules of Civil Procedure, a party "may move for summary judgment at any time." *American Nurses' Ass'n v. State of Ill.*, 783 F.2d 716, 729 (7th Cir. 1986). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." *Celotex*

*Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the moving party has submitted a properly supported motion, to avoid summary judgment, the federal rules – like the Illinois rules – require the opposing party to go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial," and to present "evidence on which the jury could reasonably find for the [non-movant]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 252 (1986) (internal quotation marks and citation omitted). Because the Illinois procedural rules governing motions for summary judgment are substantially similar to the federal rules, the parties were on notice of their respective burdens. Therefore, the parties will not be prejudiced by the application of the federal standard, despite that fact that the motion was briefed under the (substantially similar) Illinois standard.

Moreover, waiver of L.R. 56.1 statements is appropriate here because the summary judgment papers provide the Court with the requisite information. Hare's motion is supported by an affidavit and sets forth the material facts as to which Hare contends there is no genuine issue and that he claims entitle him to a judgment as a matter of law. Likewise, Custable's response sets forth additional facts he contends require the denial of summary judgment, and is supported by an affidavit.

**II.    Factual Background**

In the ordinary case, the Court takes the relevant facts from the parties' respective L.R. 56.1 statements. Because the Court has waived the requirements of L.R. 56.1 in this case, the Court takes the relevant facts primarily from Plaintiff's Fifth Amended Complaint ("FAC"), Defendant's Answer to Fifth Amended Complaint ("Answer"), the Affidavit of Brad Hare in Support of Motion for Partial Summary Judgment ("Hare Aff.") [106], Defendant's Response ("Resp.") [109], and the Affidavit of Frank J. Custable, Jr. ("Custable Aff.") [110].

4

Hare and Custable were engaged in a number of business ventures together, including Power Direct, Inc. ("PDI") (FAC at ¶ 5; Answer at ¶ 5), a direct mail advertising business (Custable Aff. at ¶ 4). PDI was a Nevada corporation, which has since dissolved. FAC at ¶ 5; Answer at ¶ 5. Hare and Custable were PDI's sole shareholders. *Id.* Hare owned 35% of PDI stock and was a director for a time; Custable owned the remaining 65% of PDI stock and was the President and a director of the company for a time. FAC at ¶ 161-62; Answer at ¶ 161-62. At all relevant times, Custable had "extensive, ongoing involvement in PDI's day-to-day operations." Custable Aff. at ¶ 6.

Sara Wetzel ("Wetzel"), also a defendant in this case, was the secretary of PDI for a time. FAC at ¶ 164; Answer at ¶ 164. Between January 2000 and March 2001, Wetzel took 25 checks from PDI made payable to cash in her own name totaling $237,487. FAC at ¶ 172; Answer at ¶ 172. Wetzel exchanged a number of the checks for Money Orders drawn on the accounts of currency exchanges, including approximately $28,575 in Money Orders made payable to North Coast Investments, Ltd. ("NCI"), a company owned by Custable.[3] Hare Aff. at ¶ 5 and Ex. A; Resp. at ¶¶ 23, 25.

### III. Legal Standard on Summary Judgment

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether there is a genuine issue of fact, the Court "must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party." *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004).

---

[3] Hare's Affidavit states that Wetzel purchased Money Orders totaling $29,125 with PDI checks made payable to NCI. Hare Aff. at ¶ 5. However, the analysis set forth in Exhibit A to the Hare Affidavit indicates that the Money Orders totaled $28,575.

5

To avoid summary judgment, the opposing party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (internal quotation marks and citation omitted). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. See *Celotex*, 477 U.S. at 323. Summary judgment is proper against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In other words, the "mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252.

**III.   Analysis**

In the instant motion, Hare fails to specify the Count of the Fifth Amended Complaint on which he is seeking partial summary judgment. However, it is apparent to the Court that the motion is directed at Count IX. Count IX is the only count that contains the primary allegation underlying the motion for summary judgment – namely, that, while under Custable's supervision, Wetzel stole $237,487 from PDI.[4] See FAC at ¶¶ 159-181.

As Custable notes in his response brief, Count IX is nominally directed against Sara Wetzel only, not against Custable. Resp. at ¶ 2. However, the "proper characterization of [Hare's] claim is a question for the Court." *Evans v. Einhorn*, 855 F.2d 1245, 1255 (7th Cir.

---

[4] In his response brief, Custable recognized that the motion appeared to be directed at Count IX. See Resp. at ¶ 2.

6

1988). Neither the Court (see *Evans*, 855 F.2d at 1255), nor Hare is "bound by legal characterizations of the claims contained in the complaint," *Guaranty Residential Lending, Inc. v. International Mortg. Center, Inc.*, 305 F. Supp. 2d 846, 853 (N.D. Ill. 2004). And, notwithstanding the emphasis on Wetzel's actions, Count IX also plainly attempts to assert a shareholder's derivative claim *against Custable* for breach of fiduciary duty, and will be treated as such. See FAC ¶ 166 ("Custable owed a fiduciary duty to Power Direct"); *id.* at ¶ 168 ("Custable breached his fiduciary duty to Power Direct").

Custable advances three arguments in opposition to Hare's motion for summary judgment: (i) that the motion is premature because the parties have not taken sufficient discovery; (ii) that a grant of partial summary judgment would be improper because all of the claims and defenses in the case are interrelated; and (iii) that genuine issues of material fact exist as to whether Custable breached any duties to PDI. Resp. at ¶ 5. The Court considers each argument in turn.

### A. The Motion For Summary Judgment Is Not Premature.

The Court easily can dispose of Custable's prematurity argument because Custable failed to seek the additional discovery that he claims should be permitted before the Court can rule on Hare's motion of partial summary judgment. Under either federal or Illinois law, a party may seek summary judgment at any time. See *American Nurses' Ass'n*, 783 F.2d at 729 (under FRCP Rule 56, a party "may move for summary judgment at any time"); 735 ILCS 5/2-1005(a) ("[a]ny time after the opposite party has appeared or after the time within which he or she is required to appear has expired, a plaintiff may move * * * for a summary judgment"). There is no requirement that a party wait to seek summary judgment until after discovery has been completed. Indeed, the Seventh Circuit has held that "[t]he fact that discovery is not complete –

indeed, has not begun – need not defeat the [summary judgment] motion." *American Nurses' Ass'n*, 783 F.2d at 729.

Where a party requires additional discovery in order to oppose a motion for summary judgment, both federal and Illinois law set forth specific procedures for obtaining such discovery. Under federal law, "[w]hen a party thinks it needs additional discovery in order to oppose a motion for summary judgment …, Rule 56(f) of the Federal Rules of Civil Procedure provides a simple procedure for requesting relief: move for a continuance and submit an affidavit explaining why the additional discovery is necessary." *Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006). The Seventh Circuit has advised that where the nonmoving party "fail[s] to submit a Rule 56(f) affidavit, claiming that it [can] not adequately oppose the motion for summary judgment by reason of incomplete discovery, it [is] not an abuse of discretion by the district court to rule on [a] motion for summary judgment before [that party is] satisfied that all necessary discovery ha[s] occurred." *First Nat. Bank and Trust Corp. v. American Eurocopter Corp.*, 378 F.3d 682, 694 (7th Cir. 2004).

The Illinois equivalent to FRCP 56(f) is Illinois Supreme Court Rule 191(b), which permits a party facing a motion for summary judgment to file an affidavit seeking additional discovery. *Giannoble v. P & M Heating and Air Conditioning, Inc.*, 599 N.E.2d 1183, 1064 (Ill. App. Ct. 1992). "Failure to comply with Rule 191(b) defeats an objection on appeal that insufficient time for discovery was allowed." *Id.*; see also *Kane v. Motorola, Inc.*, 779 N.E.2d 302, 311 (Ill. App. Ct. 2002) (rejecting plaintiffs' claim that circuit court abused its discretion by limiting the scope of discovery and granting defendant's motion for summary judgment where plaintiffs failed to file Rule 191(b) affidavit). Here Custable filed neither a Rule 56(f) affidavit

nor a Rule 191(b) affidavit seeking additional discovery. Therefore, the Court's consideration of Hare's motion for partial summary judgment is not premature.

### B.     Appropriateness of Partial Summary Judgment

Custable also contends that partial summary judgment is inappropriate because "all of the claims and defenses in this matter are interrelated," and therefore Hare should not be permitted "to single out one count in a factual vacuum for summary judgment." Resp. at ¶ 5. But it is well-established that a party may seek summary judgment on only a portion of a case. Indeed, "Rule 56(d) of the civil rules is explicit in allowing the judge to grant summary judgment on less than the plaintiff's whole claim." *Zapata Hermanos Sucesores, S.A. v. Hearthside Baking Co., Inc.*, 313 F.3d 385, 391 (7th Cir. 2002).

To the extent that "background information," "a full accounting" of PDI's records, and "other corporate transactions" are relevant to the motion for summary judgment (*e.g.*, demonstrate that there is a genuine issue of material fact for trial), the law requires Custable to present that evidence now in order to survive Hare's motion for summary judgment. See *Anetsberger v. Metropolitan Life Ins. Co*., 14 F.3d 1226, 1234 (7th Cir. 1994) ("[t]o survive a motion for summary judgment, the nonmovant must produce proper documentary evidence to support his contentions"). At most, Custable's claims regarding other corporate transactions raise a "metaphysical doubt" as to the material facts, which is insufficient to oppose a motion for summary judgment. See *Matsushita*, 475 U.S. at 586. Because Custable does not "present definite, competent evidence" concerning other transactions to rebut Hare's motion, the Court rejects Custable's claim that consideration of Hare's motion for partial summary judgment would be inappropriate at this time. See *Michael v. St. Joseph County*, 259 F.3d 842, 845 (7th Cir. 2001).

C.  **Breach of Fiduciary Duty**

In regard to the merits of Hare's motion, in order to prevail on the breach of fiduciary duty claim against Custable set forth in Count IX of the FAC, Hare must establish that Custable: (1) owed a fiduciary duty to PDI; (2) that he breached that duty; and (3) that his breach of that duty proximately damaged PDI. *Neade v. Portes*, 739 N.E.2d 496, 502 (Ill. 2000); *Polansky v. Anderson*, 2006 WL 2038603, at *3 (N.D. Ill. July 19, 2006).

Custable appears to concede the first element – that he owed a fiduciary duty to PDI. Resp. at ¶¶ 8, 15. In any case, under Illinois law, a majority shareholder owes a fiduciary duty to the corporation and other shareholders. See *Rexford Rand Corp. v. Ancel,* 58 F.3d 1215, 1218 (7th Cir. 1995) ("Under Illinois law, a shareholder in a close corporation owes a duty of loyalty to the corporation and to the other shareholders."); *Illinois Rockford Corp. v. Kulp,* 242 N.E.2d 228 (Ill. 1968) (holding that 50% shareholders in a corporation owe each other fiduciary duties); *Hagshenas v. Gaylord*, 557 N.E.2d 316, 323 (Ill. App. Ct. 1990) (holding that 50% shareholder in corporation owed fiduciary duty to corporation and its shareholders where shareholders were directors and officers of the company and oversaw its day-to-day operations); *LaFlamboy v. Landek*, 587 F. Supp. 2d 914, 950 (N.D. Ill. 2008) (holding that 50% shareholders "each had a duty to deal with the 'utmost good faith, fairly, honestly, and openly with their fellow stockholders'"). It is undisputed that Custable was a 65% shareholder in PDI. Therefore, Custable owed a fiduciary duty to PDI.

With respect to the second element, Hare alleges in the FAC that "Custable breached his fiduciary duty to Power Direct by failing to manage and supervise the affairs of Power Direct so that they were run for the benefit of all the shareholders." FAC at ¶ 168. In his summary judgment brief [107], Hare appears to recast the alleged breach, relying on cases stating that a

10

majority shareholder commits a breach of fiduciary duty by using corporate assets for the majority shareholder's personal gain, and alleging that "some of the money stolen has been traced to accounts controlled by Frank J. Custable." Brief at 3. As Judge Zagel recently observed, "[i]n this circuit, [Plaintiff] may not amend his complaint through arguments in his motion for summary judgment." *Jackson v. Ackerman*, 2009 WL 212141, at *2 (N.D. Ill. Jan. 28, 2009) (citing, *inter alia*, *Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996) ("A plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment")). Therefore, in considering whether Hare has established the second element of a breach of fiduciary duty claim, the Court is constrained to consider only the breach alleged in the count of his complaint on which he seeks partial summary judgment – namely, the alleged failure to manage and supervise PDI for the benefit of the shareholders.[5]

As noted above, under Illinois law, majority shareholders in close corporations owe duties akin to those of partners. *Hagshenas*, 557 N.E.2d at 323. Those fiduciary duties include "[t]he duties of loyalty, good faith, and honesty." *ARTRA Group v. Salomon Bros. Holding Co.*, 680 N.E.2d 769, 772 (Ill. App. Ct. 1997). Moreover, "the partner assuming control of the business is obliged to manage it in the interest of all the partners." *Rizzo v. Rizzo,* 120 N.E.2d 546, 552 (1954). However, "partnership losses occasioned by a partner's poor judgment or mistakes of judgment will be borne by the partnership so long as the decision does not involve fraud, illegality, or conflict of interest." *Borys v. Rudd*, 566 N.E.2d 310, 316 (Ill. App. Ct. 1990). None of the allegations in Count IX of the FAC – including those incorporated by reference – mentions fraud, illegality, or conflict of interest on the part of Custable. In fact, the FAC alleges

---

[5] The disconnect between the allegations set forth in the Count of the complaint on which Hare sought summary judgment and the arguments set forth in his briefs further highlights the importance of what the parties appear to have recognized: with the motion for partial summary judgment now resolved, it is time for Hare to seek leave to "amend his complaint" so that the claims and the discovery issues in this case can be "simplified and clarified" [see 134, at 3], and the case can proceed to final disposition.

that "Wetzel took the money for herself." FAC at ¶ 174. Therefore, Hare has failed to establish that Custable breached his fiduciary duties.

Moreover, even if the Court were to consider the allegations regarding Custable's alleged breach set forth in Hare's brief that go beyond the allegations in the FAC[6], summary judgment would not be appropriate because genuine issues of material fact exist as to whether the alleged breach proximately damaged PDI. Under Illinois law, a fiduciary cannot "actively exploit their position[] within the corporation for their own personal benefit." *Dowd & Dowd, Ltd. v. Gleason*, 672 N.E.2d 854 (Ill. App. Ct. 1996), *aff'd in part & rev'd in part on other grounds*, 693 N.E.2d 358 (1998); see also *Graham v. Mimms*, 444 N.E.2d 549, 556 (Ill. App. Ct. 1982) ("a corporation's fiduciary is not permitted to use corporate assets for his or her own personal gain"). Hare argues that, while under Custable's direction, Wetzel stole $237,487 from PDI, and diverted a portion of those funds – approximately $28,575 – to one of Custable's other businesses, NCI. Hare Aff. at ¶¶ 4-5; see also Hare Brief at 3 ("Some of the money stolen has been traced to accounts controlled by Frank Custable"). Hare does not aver that the remaining $208,912 in funds were diverted to Custable. Custable responds that the $28,575 was transferred to NCI to repay a $25,000 loan that Custable previously made to PDI (Resp. at ¶ 25) and claims to have documentation to support his contention – namely, copies of a check for $25,000 he signed over to PDI and a deposit slip showing the check was deposited in PDI's account.[7]

---

[6] In his response brief [109], Custable did address (see ¶ 9) Hare's argument that Custable "breached his fiduciary duty by converting or misappropriating PDI's corporate funds for his own use."

[7] Custable's affidavit states (at ¶ 8) that copies of the check and deposit slip are attached as Exhibit 1, but the Court cannot locate in the state court record or in the copy of the affidavit that Plaintiff's counsel filed electronically on the federal court docket [110] any such Exhibit. The Court notes, however, that in his reply brief [108], Hare does not dispute the existence of those documents, and thus it seems reasonable to assume that the documents exist and were filed. In any event, the documents themselves are not essential to the disposition of the motion presently before the Court, for the Seventh Circuit has "routinely found that a nonmoving party's own affidavit can constitute affirmative evidence to defeat a summary judgment

Because Custable has raised a genuine issue of material fact as to whether the transfer of $28,575 from PDI to NCI damaged PDI, and has produced "proper documentary evidence to support his contentions," summary judgment is not warranted. *Anetsberger*, 14 F.3d at 1234.

## IV. Conclusion

For the foregoing reasons, Hare's motion for partial summary judgment [105] and Defendant Zaborski's motion to strike [134] are denied.

Dated: August 31, 2009

Robert M. Dow, Jr.
United States District Judge

---

motion." *Payne v. Pauley*, 337 F.3d 767, 771 (7th Cir. 2003); see also Fed. R. Civ. P. 56(c) (noting that affidavits may be used in summary judgment proceedings). As the court of appeals explained, "[p]rovided that the evidence meets the usual requirements for evidence presented on summary judgment – including the requirements that it be based on personal knowledge and that it set forth specific facts showing that there is a genuine issue for trial – a self-serving affidavit is an acceptable method for a non-moving party to present evidence of disputed material facts." *Id*. at 773. Custable's affidavit meets those threshold requirements and shows a factual dispute as to use of the money to which Hare refers in his affidavit as stolen and traceable to accounts controlled by Custable.