# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 3742 | **DATE** | 9/20/2011 |
| **CASE TITLE** | Hare vs. Custable, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motions for preliminary injunction to facilitate sale of real property and for permanent injunction to preserve trust property [206] are respectfully denied without prejudice. On the basis of the current record, there is too much uncertainty as to, *inter alia*, (1) whether the offer remains open, (2) if so, whether the offer represents a fair valuation of the asset, and (3) the terms on which any sale might proceed. Nevertheless, the Court remains of the view that the concept of selling the property for fair market value, with the proceeds to be held in escrow, is worthy of exploration and encourages both parties to revisit the issue in light of current market conditions with an eye toward presenting a renewed motion. Please see below for further explanation.

■[ For further details see text below.]   Docketing to mail notices.Notices mailed by Judicial staff.

## STATEMENT

Pending before the Court are Plaintiff's motions for preliminary injunction to facilitate sale of real property and for permanent injunction to preserve trust property [206]. The motions relate to a parcel of real estate in Las Vegas, Nevada. Plaintiff contends that the parcel is now the sole property of Defendant Custable, although it is subject to a constructive trust imposed by a state court several years ago. Plaintiff contends that any interest that Defendant Custable has in the property is subject to the interest of Plaintiff in this lawsuit. Plaintiff further notes that (1) Custable's joint tenant on the property has passed away and (2) Custable himself is incarcerated and thus cannot care for the property himself. At the time of the filing of the motion, an offer to purchase the property had been communicated to Plaintiff, which Plaintiff sought to present to the Court as a precursor to a judicial order to facilitate the acceptance of the offer and the liquidation of the property for cash to be deposited with the Clerk of the Court for later disposition to the parties and/or their creditors.

As the parties are aware, the Court has repeatedly expressed its view that it is in everyone's best interests to find a way to liquidate the Nevada property and place the proceeds into escrow or the Court registry so that the value of the asset can be preserved in the absence of anyone physically present in Nevada to care for the asset. To that end, the Court encouraged the parties to discuss the proposed terms for a sale of the property in question. On the basis of the discussions in open court and the representations in recent pleadings [see 226, at 2, 5, 8], it appears that (1) the parties have reached an impasse on the proper disposition of the issues relating to the Nevada property and (2) there may be questions about the proper valuation of the property – for example, the May 2 e-mail from

| STATEMENT |
|---|
| Plaintiff's counsel to Defendant's counsel suggests that the property (if it is in good condition) may be worth considerably more than the offer that had been on the table at the time that the motion initially was filed. In these circumstances, the Court cannot grant the motions [209]. However, the denial of the motion is without prejudice and the Court encourages the parties to revisit the issues of what the property is worth, whether they have a prospective buyer, and how they might position the property to be sold, with the proceeds secured safely for distribution at a later date to the parties and/or their creditors. The Court continues to work through the difficulties of recruiting counsel to assist Mr. Custable with the issue of the Las Vegas property and the myriad other issues that remain in this case and will endeavor to issue another order addressing the counsel situation in the near future. |